UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TRAVELCENTERS OF AMERICA INC.,
               Plaintiff,

vs.

Civil Action No. _____

ALLIED WORLD ASSURANCE CO., (U.S.) INC.;

**NOTICE OF REMOVAL**

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON COMPRISING OF LLOYD'S UNDERWRITER SYNDICATE NO. 2001 AML, LLOYD'S UNDERWRITER SYNDICATE NO. AFB 2623, LLOYD'S UNDERWRITER SYNDICATE NO. AFB 2623, LLOYD'S UNDERWRITER SYNDICATE NO. AFB 623, HOUSTON CASUALTY COMPANY (UK BRANCH) LIRMA H5100, LLOYD'S UNDERWRITER SYNDICATE NO. 2987 BRIT, AVIVA INSURANCE LIMITED, LIRMA V2001, LLOYD'S UNDERWRITER SYNDICATE NO. 2010 MMX, AND LLOYD'S UNDERWRITER SYNDICATE NO. 1729 DUW;

CONTINENTAL CASUALTY COMPANY;

HALLMARK SPECIALTY INSURANCE CO.

IRONSHORE SPECIALTY INSURANCE COMPANY;

LEXINGTON INSURANCE COMPANY;

PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY;

STARR SURPLUS LINES INSURANCE COMPANY;

and

TOKIO MARINE AMERICA INSURANCE COMPANY,
               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Tokio Marine America Insurance Company, through its undersigned counsel, hereby removes the instant action from the Superior Court, Suffolk County, Massachusetts, where it was assigned case number 2184-cv-2873 (the "State Court Action"), to the United States District Court for the District of Massachusetts.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between TravelCenters and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The grounds for removal are set forth in more detail below.

## THE STATE COURT ACTION

1. TravelCenters commenced the State Court Action by filing a Complaint on December 20, 2021 in the Superior Court, Suffolk County, Massachusetts, (Docket No. 2184-cv-2873). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Tokio Marine in the State Court Action is attached as Exhibit A.

2. TravelCenters alleges that various insurance policies[1] issued by the Defendants, including policy number LCP6481222-00 issued by Tokio Marine, insure TravelCenters for sundry losses at several hundred full-service travel centers located along major highways in 44 states and Canada. (See Ex. A, Complaint ¶1; Ex. B, Tokio Marine Policy).

---

[1] TravelCenters' Complaint implies that the Insurers issued a single policy. (See Ex. A, Complaint ¶4). That is incorrect; each Insurer issued its own policy severally, not jointly, and is only responsible only for its proportional share of any available coverage. (See, e.g. Ex. B, Tokio Marine Policy at Endorsement 1, Page 80).


3. According to the Complaint, TravelCenters incurred losses in connection with the alleged presence of the SARS-CoV-2 virus, or people infected with the virus and sick with the disease it causes, COVID-19. (See Ex. A, Complaint ¶13).

4. TravelCenters also alleges that it incurred compensable losses under a number of the Policies' coverage extensions, including Endorsement No. 6: Communicable Disease Contamination. (See Ex. A, Complaint ¶¶18, 99-100; Ex. B, Tokio Marine Policy at Endorsement 6, Page 85-86).

5. Prior to filing this Notice of Removal, Tokio Marine, through its attorneys, accepted service of TravelCenter's Complaint.

6. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days after a copy of the initial pleading setting forth the claim for relief upon which this action is based was served on Tokio Marine.

7. Additionally, this Notice of Removal is being filed within one (1) year from commencement of the action as required by 28 U.S.C. § 1446(c)(1).

8. Upon filing the Notice of Removal, Tokio Marine will furnish written notice to TravelCenters' counsel, and will file and serve a copy of this Notice with the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, pursuant to 28 U.S.C. § 1446(b).

## JURISDICTION

### I. Diversity of Citizenship Exists Between TravelCenters and Tokio Marine

9. TravelCenters and Tokio Marine are citizens of different states for purposes of diversity jurisdiction.

10. TravelCenters is a Maryland corporation with its principal place of business in Ohio. (See Ex. A, Complaint ¶32).

11. Tokio Marine is incorporated and has its principal place of business in New York. (See Ex. A, Complaint ¶41).

12. Based on the above, TravelCenters is a citizen of Maryland and Ohio, and Tokio Marine is a citizen of New York for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, complete diversity of citizenship exists between the TravelCenters and Tokio Marine.

## II. Upon information and belief, Diversity of Citizenship Exists Between TravelCenters and the Other Insurers

13. Upon information and belief, Allied World is a Maryland corporation with its principal place of business in New York. (See Ex. A, Complaint ¶33).

14. Upon information and belief, TravelCenters has not served its Complaint on Allied World.

15. Upon information and belief, Certain Underwriters are foreign-country business entities incorporated in England & Wales, with their principal places of business in the United Kingdom.

16. Upon information and belief, each Syndicate referred to in TravelCenters' Complaint consists of a number of members, or "Names." (See Ex. A, Complaint ¶34).

17. Upon information and belief, each "Name" is a U.K. private limited company, which is treated like an American corporation for diversity purposes. See, e.g., SNC-Lavalin Constructors Inc. v. Tokio Marine Kiln Ins. Ltd., 2021 WL 2550505, at *6 (D. Md. June 21, 2021) (a U.K. private limited company is an analogue to a U.S. corporation); Brink's Co. v. Chubb Eur. Grp. Ltd., 2020 WL 6829870, at *6 (E.D. Va. Nov. 20, 2020) (same, citing cases from the Second, Third, Fifth, and Seventh Circuits).

18. Upon information and belief, no member or "Name" comprising a Lloyd's Syndicate named in the Complaint is a United States citizen.

19. Upon information and belief, TravelCenters has not served its Complaint on Certain Underwriters.

20. Upon information and belief, Continental Casualty Co. is incorporated and has its principal place of business in Illinois. (See Ex. A, Complaint ¶35).

21. Upon information and belief, TravelCenters has not served its Complaint on Continental Casualty Co.

22. Upon information and belief, Hallmark is an Oklahoma corporation with its principal place of business in Texas. (See Ex. A, Complaint ¶36).

23. Upon information and belief, TravelCenters has not served its Complaint on Hallmark.

24. Upon information and belief, Ironshore is an Arizona corporation with its principal place of business in Massachusetts. (See Ex. A, Complaint ¶37).

25. Upon information and belief, TravelCenters has not served its Complaint on Ironshore.

26. Upon information and belief, Lexington is a Delaware corporation with its principal place of business in Massachusetts. (See Ex. A, Complaint ¶38).

27. Upon information and belief, TravelCenters has not served its Complaint on Lexington.

28. Upon information and belief, Starr is a Texas corporation with its principal place of business in New York. (See Ex. A, Complaint ¶39).

29. Upon information and belief, TravelCenters has not served its Complaint on Starr.

30. Upon information and belief, Princeton is a Delaware corporation with its principal place of business in New Jersey. (See Ex. A, Complaint ¶40).

31. Upon information and belief, TravelCenters has not served its Complaint on Princeton.

### III. The Amount in Controversy Requirement is Satisfied

32. The Complaint seeks, *inter alia*, judgment of "damages, including actual, compensatory, consequential, special, exemplary, and punitive damages, against the Insurers in an amount to be determined at trial." (See Ex. A, Complaint at p. 44).

33. The Complaint also alleges that TravelCenters has incurred more than $42 million in damages. (See Ex. A, Complaint ¶23).

34. Therefore, the amount in controversy is at least $42 million, which exceeds the $75,000 threshold as set forth in 28 U.S.C. § 1332(a) for this Court to exercise jurisdiction.

### IV. Venue

35. This action was originally filed in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, which sits in this federal judicial district and division, rendering venue proper under 28 U.S.C. § 1441(a).

WHEREFORE, defendant Tokio Marine hereby gives notice that this Action, previously pending in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, is properly removed to this Honorable Court.

Dated: December 23, 2021                    Respectfully submitted,

                                            TOKIO MARINE AMERICA INSURANCE CO.
                                            By its attorney,

                                            */s/ John G. O'Neill*
                                            John G. O'Neill (BBO#630272)
                                            oneill@sugarmanrogers.com
                                            Kenneth N. Thayer (BBO# 671029)
                                            thayer@sugarmanrogers.com
                                            Sugarman, Rogers, Barshak & Cohen, P.C.
                                            101 Merrimac Street
                                            Boston, MA 02114
                                            Tel. (617) 227-3030

                                            Jeffrey S Weinstein (*pro hac vice* forthcoming)
                                            Samuel B Weiss (*pro hac vice* forthcoming)
                                            Mound Cotton Wollan & Greengrass LLP
                                            One New York Plaza, 44th Fl.
                                            New York, New York 10004
                                            Tel: (212) 804-4200
                                            JWeinstein@moundcotton.com
                                            SWeiss@moundcotton.com

## CERTIFICATE OF SERVICE

On this 23rd day of December 2021, I, John G. O'Neill, counsel for Defendant Tokio Marine America Insurance Company, served the foregoing document upon all counsel of record by U.S. Mail and email.

                                            */s/ John G. O'Neill*
                                            John G. O'Neill